UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21737-CIV-KING

CRISTOBAL NAVARRO,
and all others similarly situated,

    Plaintiff,

v.

SANTOS FURNITURE CUSTOM DESIGN, INC.,
DOMINGO SANTOS,
ROBERTO SANTOS, and
ROSA M. SANTOS,

    Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION TO TERMINATE CONSIDERATION OF DEFENDANT'S BILL OF COSTS

The Plaintiff, after return by the Jury of a verdict in favor of the Defendant (D.E. #70) and entry of Final Judgment (D.E. #73), filed a Notice of Appeal on March 24, 2009. Defendant, the same day, submitted a Bill of Costs to the Clerk of Court on AO Form 133 for signature by the Clerk of Court pursuant to 28 U.S.C. § 1920.[1] The

---

[1] 28 U.S.C. § 1920. Taxation of costs
    A judge or clerk of any court of the United States may tax as costs the following:
    (1) Fees of the clerk and marshal;
    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5) Docket fees under section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services

requisite invoices seeking payment of court reporting fees of $1,018.90 and compensation of interpreters of $375.00 (for a total of $1,393.90) were duly attached and certified (D.E. #75).

Prior to execution by the Clerk of Court of a judgment for the Bill of Costs (or entry of judgment by the judge), Plaintiff filed the motion now before the Court to "TERM" any consideration of entry of a cost judgment for Defendant.

Plaintiff's counsel makes no reference to any rule of the Federal Rules of Civil Procedure or of the Local Rules of Procedure of this Court as legal authority for this Court to terminate the request for a cost judgment (in favor of the prevailing party) timely and properly filed under Rule 7.3 of the Southern District of Florida (see also Federal Rule of Civil Procedure 54(d)).

The generally accepted and proper procedure for a party wishing to stay the effect of a court order, such as to tax costs, is to await the entry of the Order (by either the clerk or the judge), then file a motion under Federal Rule of Civil Procedure 62(d) for the Court to fix a bond appropriate and sufficient to cover interest and other costs incident to an appeal, and finally obtain an order of supersedeas staying the order which the party wishes to appeal. *See* Fed. R. Civ P. 62(d). Instead of following the traditional practice of obtaining a stay order by the posting of a supersedeas bond, counsel adopted this unique (and, until the filing of this motion, unheard of) procedure to terminate his

---

under section 1828 of this title.
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

opponent's Bill of Costs. Counsel relies upon a termination order entered at the trial level by another judge of this Court in *Perdomo v. Ask 4 Realty et al.*, Case No. 07-20089-CIV. Review of the docket sheet in that case indicates that the order was entered the day following the prevailing party's filing of a bill of costs, without request by either party for such *sua sponte* action by the Court.

This Court believes that the procedure outlined in the Rules of Court for obtaining a supersedeas order staying the collection of costs after judgment is preferable to the *sua sponte* termination of any consideration of a bill of costs.[2] It is therefore,

ORDERED, ADJUDGED and DECREED that the Plaintiff's motion to disregard Defendant's Bill of Costs and to refrain from consideration thereon until after the expiration of the appeal taken by Plaintiff be, and the same is hereby, **DENIED without prejudice to Plaintiff's right to seek from the Court (after cost judgment has been entered) an order setting the terms and conditions of a supersedeas bond and an order of supersedeas staying the effect of the jury's verdict and the Final Judgment entered herein. Additionally, the Plaintiff is hereby DIRECTED to file any objection he may have to the Bill of Costs on or before April 11, 2009.**

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice

---

[2] Review of the *Perdomo* case cited above reflects that, after the termination order on the bill of costs was entered (D.E. #55) and the Eleventh Circuit's later affirmance (approximately eleven months later) of the appealed order (D.E. #61), nothing further was done in the case. Simply put, the prevailing party never reasserted its motion to tax costs and the Court never, on its own, entered an order that either granted or denied costs.

Building and United States Courthouse, Miami, Florida, this 1st day of April, 2009.

                                                                                                    JAMES LAWRENCE KING
                                                                                                           UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge Ted E. Bandstra

        ***Counsel for Plaintiff:***
        Jamie H. Zidell, Esq.
        300 71st Street
        Suite 605
        Miami Beach, FL 33141

        ***Counsel for Defendants:***
        Jose M. Herrera, Esq.
        Jose M. Herrera, P.A.
        1401 Ponce de Leon Blvd.
        Suite 200
        Coral Gables, FL 33134